Ponciano Alfonso Ayala CORRALES,
aka Ponciano Ayala Corrales; Maria
Elena Ayala–Chaves, Petitioners.

v.

Michael B. MUKASEY, Attorney
General, Respondent.

Nos. 06–72700, 06–74768.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

CAC–District Counsel, Esq., Office of The District Counsel Department of Homeland Security, Los Angeles, CA, Lindsay L. Chichester, Esquire, U.S. Department of Justice, Carol Federighi, Esquire, Senior Litigation Counsel, J. Max Weintraub, Trial, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Ponciano Ayala Corrales, Santa Ana, CA, for Petitioners.

Before: HAWKINS, RAWLINSON and M. SMITH, Circuit Judges.

MEMORANDUM **

Ponciano Alfonso Ayala Corrales and Maria Elena Ayala–Chaves, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration judge's decision denying their applications for cancellation of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

removal and denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001) and for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We dismiss in part and deny in part the petition for review in No. 06–72700 and we deny the petition for review in No. 06–74768.

■ We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

Petitioners' contention that the BIA violated their due process rights by disregarding their evidence of hardship on appeal is not supported by the record and therefore does not amount to a colorable constitutional claim. *See id.*

We are unpersuaded by petitioners' contention that the IJ violated due process by making factual findings not supported by the record and failing to cite to BIA precedent. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

■ The BIA did not abuse its discretion by denying petitioners' motion to reopen because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

No. 06–72700: **PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

No. 06–74768: **PETITION FOR REVIEW DENIED.**